UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEX GEOVANNY RIVAS REYES,

                              Petitioner,

                    -v-

MARKWAYNE MULLIN *et al.*,

                              Respondents.

26 Civ. 4334 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

On June 17, 2026, this Court granted Alex Geovanny Rivas Reyes's petition for a writ of habeas corpus, insofar as it sought a bond hearing at which the Government bore the burden of showing that Rivas Reyes posed a danger to the community or flight risk. *See* Dkt. 11 (the "Decision"). The Court denied the petition, insofar as it sought Rivas Reyes's immediate release. *Id.*

Pursuant to the Decision, an immigration judge ("IJ") held a bond hearing for Rivas Reyes on June 17, 2026, at the conclusion of which the IJ denied Rivas Reyes bond. *See* Dkt. 16-7 ("Tr."). The IJ based that ruling solely on the finding that Rivas Reyes posed a danger to the community; she did not find him a flight risk. *Id.* at 18. On June 29, 2026, Rivas Reyes filed a motion to enforce the Decision. Dkt. 16 ("Mot."). In it, he argues that: (1) the evidence submitted at the hearing by the Government "could not, as a matter of law," satisfy its burden of proof; (2) the IJ failed to allocate the burden of proof as this Court had directed; and (3) the IJ failed to "meaningfully consider" alternatives to detention, in further violation of the Decision. *Id.* at 8–18; *see also* Dkt. 21 ("Reply"). The Government opposes. Dkt. 20 ("Opp'n").

For the following reasons, the Court denies the motion.

## I.    Discussion[1]

At the threshold, courts retain "jurisdiction to review compliance with a conditional grant of the writ of habeas corpus," so as "to determine whether the Government properly cured the identified constitutional error." *J.M.P. v. Arteta*, 807 F. Supp. 3d 265, 285 (S.D.N.Y. 2025) (citation omitted).  Section 1226(e) of Title 8—which otherwise precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up)—does not bar such review, *see Bogle v. DuBois*, 236 F. Supp. 3d 820, 822 (S.D.N.Y. 2017).  The Court thus has jurisdiction to "ensure compliance with [the Decision] and prevent [the Decision] from becoming illusory." *Mendoza v. Noem*, No. 26 Civ. 1260, 2026 WL 1470652, at *4 (S.D.N.Y. May 26, 2026).  But the Court may "not review the hearing evidence *de novo*." *G.F.F. v. Francis*, No. 25 Civ. 7368, 2026 WL 924072, at *3 (S.D.N.Y. Apr. 4, 2026) ("In reviewing a motion to enforce, the Court's task is narrow." (cleaned up)).

The Court finds that the IJ followed the Court's orders in the Decision.  The "key inquiry" in determining whether an IJ complied with an order to hold a constitutionally adequate bond hearing is whether, during the hearing, the IJ "relied upon proof that *could not possibly establish* by clear and convincing evidence—as a matter of law—that petitioner was a danger to the community." *Medley v. Decker*, No. 18 Civ. 7361, 2020 WL 1033344, at *2 (S.D.N.Y. Mar. 3, 2020) (cleaned up) (emphasis in original).  "Clear and convincing evidence . . . means something more than preponderance of the evidence, and something less than beyond a reasonable doubt." *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985) (cleaned up).

Here, the Court's Decision directed an IJ to

---

[1] The Court assumes familiarity with the facts of this case, as described in the Decision.

hold a bond hearing for Rivas Reyes, at which the Government shall bear the burden of proving, by clear and convincing evidence, that Rivas Reyes is a danger to the community or a flight risk. In determining whether to grant bond, the IJ shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the IJ shall consider Rivas Reyes's ability to pay.

Decision at 9.

At the June 17 hearing, the IJ applied the correct standard. Her words make clear that she required the Government to prove Rivas Reyes's dangerousness by clear and convincing evidence. *See, e.g.,* Tr. at 4 ("The [G]overnment bears the burden of proof by clear and convincing evidence."), 18 (Government "has met its burden of proof to show that the respondent is a danger to the community"), 20 (Government "has shown by clear and convincing evidence that the respondent is a danger to the community").[2]

The hearing record supports the IJ's finding that the Government had made the requisite showing. Rivas Reyes's two rap sheets, taken together with the criminal history chart from his application for adjustment of status (Form I-485), reflected that Rivas Reyes had been arrested after he was previously released on bond and had been convicted in 2023 for assault in the third degree. *See* Dkt. 16-2. Based on that evidence, "the Court cannot conclude that the evidence the Immigration Judge relied upon in reaching [her] conclusion *could not possibly* establish by clear and convincing evidence that [Rivas Reyes] posed a danger to the community." *Medley*, 2020

---

[2] Rivas Reyes claims that three statements by the IJ show "she believed the burden to rest" on him. Mot. at 14–15. But one of these statements was corrected immediately after it was made. *See* Tr. at 10 (after IJ directed Rivas Reyes's counsel to "tell me how your evidence meets" clear and convincing evidence standard, counsel corrected IJ, who replied: "You are correct. You are correct. You know what I mean."). The other two statements appear to have been side comments made by the IJ in further support of her decision. *See id.* at 18 ("The court would note that if [Rivas Reyes] didn't have this conviction, counsel probably would have submitted evidence that it was dismissed . . . ."); ("If the facts were something that would have likely made the respondent less dangerous, again, I assume somebody would have filed that with the court . . . ."). These stray remarks do not undermine the IJ's numerous statements that reflected a correct allocation of the burden of proof.

3

WL 1033344, at *3 (emphasis in original) (rap sheets, unsigned criminal complaints, and unsworn police reports were not insufficient as a matter of law to support finding of dangerousness).

The IJ also adequately considered alternatives to detention. The IJ recognized that the Decision required her to consider such, Tr. at 4; heard argument on this point from Rivas Reyes's counsel and the Government, *id.* at 8, 14–15; and reasoned that no such alternatives would be sufficient based on the facts and circumstances of Rivas Reyes's particular case, *id.* at 19–20. Under the circumstances, that finding—that lesser mechanisms would not reliably protect the public from harm—was reasonable. And, because the IJ found Rivas Reyes a danger to the community such that no monetary bond would suffice, the IJ was not required to consider his ability to pay.

Rivas Reyes's counterarguments are unavailing.

First, Rivas Reyes argues that the rap sheets submitted by the Government—which were undated, partially redacted, and contained at least one error—could not establish proof of Rivas Reyes's criminal history. Mot. at 11–12 (citing *Francis v. Gonzales*, 442 F.3d 131, 143 (2d Cir. 2006)). But the information in the rap sheet related to Rivas Reyes's conviction for third-degree assault, which formed the principal basis for the IJ's decision, was corroborated by the Form I-485 criminal history chart, which contained the same arrest date, disposition date, and sentence for the assault. Dkt. 16-2 at 15. That the IJ did not state on the record that she relied on the criminal history chart in rendering her decision, *see* Mot. at 12 n.2, does not mean that she failed to consider it. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("we presume that an IJ has taken into account all of the evidence before him, unless

4

the record compellingly suggests otherwise"). The IJ stated at the outset of the hearing that she had received that document, along with two others, from the Government. Tr. at 5.

Second, Rivas Reyes argues that the IJ's consideration of alternatives to detention was inadequate. Mot. at 17. The IJ appears to have expressly considered two conditions: monthly check-ins and bond. *See* Tr. at 19 ("[s]howing up once a month for an order of supervision doses not control the respondent's actions on a day-to-day basis," and "no amount of bond can ensure that the respondent will not act in a way that concerns the court"). That the IJ did not expressly address electronic monitoring, as required by the Decision, does not imply that such was not considered. The IJ's recitation of the Court's directive and general consideration of alternatives to detention support that she did take such measures into account. *See* Tr. at 4 ("The [IJ] shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring."), 19–20 (no "alternatives to detention are going to assuage the court's concerns about the respondent's dangerousness").

***Overall assessment***: The IJ followed the Decision's directives, providing Rivas Reyes with a prompt and constitutionally adequate bond hearing. There is thus no basis for the Court to compel additional action pursuant to the Decision. *See, e.g.*, *Medley*, 2020 WL 1033344, at *3 (denying motion to enforce, where IJ applied proper standard and hearing record adequately supported IJ's findings); *Arana v. Barr*, No. 19 Civ. 7924, 2020 WL 2094098, at *8–10 (S.D.N.Y. May 1, 2020) (same); *Sophia v. Decker*, No. 19 Civ. 9599, 2020 WL 1957373, at *1– 3 (S.D.N.Y. Apr. 23, 2020) (same); *Bonilla v. Decker*, No. 22 Civ. 4501, 2024 WL 182315, at *5–6 (S.D.N.Y. Jan. 17, 2024) (same).

## CONCLUSION

For the above reasons, the Court denies Rivas Reyes's motion.  The Clerk of Court is respectfully directed to mail a copy of this decision to Rivas Reyes at the address on file; terminate all pending motions; and close this case.

SO ORDERED.

Dated: July 24, 2026
       New York, New York

Paul A. Engelmayer
PAUL A. ENGELMAYER
United States District Judge

6